UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. PERVOE, CDCR #C-59138,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JEFF MACOMBER, Secretary of CDCR; PEREZ, Correctional Sergeant; CLAYTON, RJD Physician; ESGUERRA, CCI Counselor,<br><br>　　　　　　　　　　　Defendants. | Case No.: 25-cv-02271-CAB-MMP<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>[Doc. No. 2] |

Plaintiff Michael D. Pervoe, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, together with a motion seeking preliminary injunctive relief. [*See* Doc. Nos. 1, 2.] Plaintiff claims the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), and several correctional and medical officials at RJD violated his constitutional rights as well as the Americans with Disabilities Act by refusing to grant him single cell accommodations due to a medical disability upon his transfer to RJD and by charging him with a disciplinary

violation when he refused to accept a cellmate. [*See* Doc. No. 1 at 3–6.] Plaintiff seeks $125,000 in general and punitive damages, the dismissal of all disciplinary action, and an injunction requiring reinstatement of his prior single cell status. [*Id.* at 8; Doc. No. 2 at 5.]

Because Plaintiff has failed to pay the $405 filing fee required to commence this civil action, to move to proceed *in forma pauperis* ("IFP"), or to show he is entitled to immediate injunctive relief, the Court **DENIES** his motion and **DISMISSES** the case without prejudice.

## I.   FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2), as amended by the Prison Litigation Reform Act ("PLRA"), requires all persons seeking to proceed without full prepayment of fees to submit an *affidavit* that includes a statement of all assets possessed and which demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (emphasis added). In support of this affidavit, prisoners like Plaintiff must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). It is from the certified trust account statement that the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance

in the account for the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

Plaintiff did not pay the filing fee required to commence a civil action when he filed his complaint, nor has he filed a motion to proceed IFP, which includes *both* the affidavit required by 28 U.S.C. § 1915(a)(1) *and* the certified copies of his trust funds account statements required by 28 U.S.C. § 1915(a)(2). While RJD has submitted a prison certificate and copies of Plaintiff's CDCR Inmate Statement Report on his behalf, [*see* Doc. No. 3], this accounting, unless accompanied by a motion and affidavit submitted by Plaintiff himself, is insufficient. "The *in forma pauperis* statute authorizes courts to allow '[1] the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who [2] makes affidavit that he is [3] unable to pay such costs or give security therefor.'" *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 214 (1993) (quoting 28 U.S.C. § 1915(a)). "Section 1915(a) thus contemplates that the [person] who is entitled to the benefits of the provision will have three characteristics: He will have the capacity to sue or be sued, to make an affidavit, and to be unable to pay court costs." *Id.* "Such affidavit shall [also] state the nature of the action, . . . and affiant's belief that [he] is entitled to redress." 28 U.S.C. § 1915(a)(1). "When a claim of poverty is made under section 1915 'it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Therefore, unless Plaintiff either pays the filing fee "upfront," *Bruce*, 577 U.S. at 86, or files a properly supported motion to proceed IFP that includes the affidavit required by

28 U.S.C. § 1915(a)(1), his case cannot proceed. *See* 28 U.S.C. § 1914(a); *Cervantes*, 493 F.3d at 1051.

## II.     MOTION FOR PRELIMINARY INJUNCTION

Plaintiff also seeks to enjoin Defendants from assigning him to a double cell and to expunge any disciplinary sanctions imposed upon him for refusing a cellmate. [*See* Doc. No. 2 at 5.]

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."). A court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234—35 (1916); *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727–28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Substantively, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Here, because Plaintiff's case is still in its preliminary screening stage, he has not moved to proceed IFP, and it appears he has yet to effect service of a summons, his complaint, or his motion upon any of the CDCR or RJD officials he names as parties, none of them have actual notice of, and none has yet to enter an appearance in this case.

1  Therefore, the Court has no personal jurisdiction over any Defendant at this time.  *See* Fed.
2  R. Civ. P. 65(d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727–28.

3        Moreover, even if the Court had personal jurisdiction over the entities or persons
4  Plaintiff seeks to enjoin, he has failed to establish the imminent irreparable harm required
5  to support a preliminary injunction.  *See Winter*, 555 U.S. at 20; *All. for the Wild Rockies*,
6  632 F.3d at 1131.  To meet the "irreparable harm" requirement, Plaintiff must do more than
7  simply allege imminent harm; he must demonstrate it.  *Caribbean Marine Servs. Co., Inc.*
8  *v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).  This requires Plaintiff to demonstrate by
9  specific facts that there is a credible threat of immediate and irreparable harm.  Fed. R. Civ.
10  P. 65(b).  Mere "[s]peculative injury does not constitute irreparable injury sufficient to
11  warrant granting a preliminary injunction."  *Caribbean Marine*, 844 F.2d at 674–75.

12        Plaintiff claims his ulcerative colitis subjects him to "mental anguish and emotional
13  distress" when he is required to double-cell because he must clean himself in front of his
14  cellmate and "deal[] with negative criticism and embarrassing scrutiny." (*See* Doc. No. 2
15  at 2.)  Plaintiff also admits, however, that after he refused a cellmate on August 25, 2025,
16  he was placed in solitary confinement.  [*See* Doc. No. 1 at 3.]  Thus, even if the Court had
17  the power to grant preliminary injunctive relief at this stage of the case, Plaintiff's own
18  pleading belies any claim of immediate and irreparable injury—specifically at the hands of
19  a cellmate.  *See* Fed. R. Civ. P. 65(b)(1); *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir.
20  2001) ("[I]njunctive relief is 'to be used sparingly, and only in a clear and plain case,'"
21  especially when the court is asked to enjoin the conduct of a state agency) (quoting *Rizzo*
22  *v. Goode*, 423 U.S. 362, 378 (1976)).  A plaintiff seeking injunctive relief must show that
23  he "'has sustained or is immediately in danger of sustaining some direct injury' as the result
24  of the challenged official conduct and the injury or threat of injury must be both 'real and
25  immediate,' not 'conjectural' or 'hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S.
26  95, 101–02 (1983) (citations omitted); *see also Fly v. Diaz*, No. CV-21-00506-TUC-SHR,
27  2023 WL 12069183, at *5 (D. Ariz. Mar. 1, 2023) (denying prisoner's request for
28  injunctive relief in the form of single-cell placement based on her failure to show she

remained in cell with prisoner who assaulted her, that she would share a cell with that prisoner in the future, or that her current cell mate posed a substantial risk of harm). Where a plaintiff fails to demonstrate a likelihood of irreparable harm without preliminary relief, the court need not address the remaining requirements necessary to warrant a preliminary injunction. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

For these reasons, Plaintiff's motion for preliminary injunctive relief is DENIED. *See Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964) ("The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it.").

### III. CONCLUSION

Accordingly, the Court:

(1) **DENIES** Plaintiff's Motion for Preliminary Injunction. [Doc. No. 2];

(2) **DISMISSES** this action without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) and his failure to properly move to proceed IFP pursuant to 28 U.S.C. § 1915(a);

(3) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open this case by: (a) prepaying the entire $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in full; *or* (b) completing and filing a Motion and Declaration in Support of Motion to Proceed IFP that complies with 28 U.S.C. § 1915(a)(1), (2) and S.D. Cal. CivLR 3.2.b; and

(4) **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and convenience. Should Plaintiff neither pay the $405 filing fee in full nor sufficiently complete and file the attached Motion and Declaration to Proceed IFP within 45 days, this civil action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and

without further Order of the Court.[1]

**IT IS SO ORDERED.**

Dated: September 8, 2025

                                                      Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to re-open the case by either prepaying the full $405 civil filing fee, or by submitting a properly supported motion to proceed IFP, his complaint will be subject to an initial review and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seek[ing] redress from a governmental entity or officer or employee of a governmental entity."). The Court further notes that to the extent Plaintiff admits he failed exhaust all available administrative remedies *prior* to filing, *see* Doc. No. 1 at 6, his complaint may be also be subject to dismissal pursuant to 42 U.S.C. § 1997e(a). *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) ("Notwithstanding the fact that failure to exhaust is an affirmative defense, a 'complaint may be subject to dismissal [for failure to state a claim] when an affirmative defense . . . appears on its face.'") (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). "[T]he PLRA makes no provision for an 'imminent danger' or other emergency exception to its exhaustion requirements." *Hoffman v. Palagummi*, 2019 WL 582353, at *4 (E.D. Cal. Feb. 13, 2019) (citing *Booth v. Churner*, 532 U.S. 731, 741 n.6, (2001) (noting that federal courts should not read futility or other exceptions into the PLRA's exhaustion requirement)); *report and recommendation adopted*, 2019 WL 2464599 (E.D. Cal. June 13, 2019).