UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. PERVOE, CDCR #C-59138,<br><br>                                    Plaintiff,<br><br>v.<br><br>JEFF MACOMBER, Secretary of CDCR, et al.,<br><br>                                    Defendants. | Case No.  25-cv-02271-CAB-MMP<br><br>**ORDER GRANTING:**<br>**(1)  MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 5]; and**<br>**(2)  LEAVE TO FILE AMENDED COMPLAINT [Doc. No. 7].** |

Currently pending before the Court are two motions filed by Plaintiff Michael D. Pervoe, who is a prisoner at Richard J. Donovan Correctional Facility ("RJD") proceeding pro se pursuant to 42 U.S.C. § 1983.  Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 5], and leave to file an amended complaint, [Doc. No. 7].  For the reasons explained, the Court **GRANTS** both motions.

## I.    Procedural History

On August 29, 2025, Plaintiff filed a civil rights complaint against Jeff Macomber, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), Correctional Sergeant Perez, RJD Physician Clayton, and RJD Correctional Counselor Esguerra.  [Doc. No. 1.]  Plaintiff claims to suffer from chronic incontinence and gastrointestinal ulcerative colitis for which he was granted single-cell accommodations

while previously incarcerated in Stockton.  [*See id.* at 3.]  When he arrived at RJD, however, he claims an Inmate Classification Committee ("ICC") comprised of Defendants Perez, Clayton, and Esguerra discontinued his prior accommodation and cleared him for a "double cell assignment."  [*Id.*]  Plaintiff refused to accept a cellmate, however, and on August 25, 2025, was charged with a disciplinary infraction and placed in Administrative Segregation ("Ad-Seg").  [*Id.*]  He contends his segregation and the denial of a single-cell housing accommodation violated his rights under Title II of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, 29 U.S.C. § 794, and the Eighth and Fourteenth Amendments.  [*Id.* at 3–6.]  In addition to seeking $125,000 in both general and punitive damages in his complaint, [*see id.* at 8], Plaintiff also filed a motion for a preliminary injunction requiring dismissal of all disciplinary action and reinstatement of his single-cell status.  [Doc. No. 2.]

However, because he failed to pay the civil filing fee required by 28 U.S.C. § 1914(a), request leave to proceed IFP, or demonstrate he was entitled to preliminary injunctive relief, on September 9, 2025, the Court denied Plaintiff's motion and dismissed the case without prejudice.  [*See* Doc. No. 4.]  The Court granted Plaintiff leave to proceed by either paying the filing fee or submitting a properly-supported IFP motion within 45 days.  The Court further advised that should Plaintiff elect to proceed IFP, his complaint would be subject to an initial screening and potential dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, in part because he appeared to concede he failed to exhaust all available administrative remedies *prior* to filing suit.  [*See id.* at 6–7 & n.1.]

Plaintiff timely complied with the Court's Order by filing an IFP motion [Doc. No. 5], followed soon after by a motion seeking leave to file an amended complaint, [Doc. No. 7].

## II.    IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

25-cv-02271-CAB-MMP

$405. [1] *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

While "[t]he previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' . . . the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)).  Section 1915(b) "provides a structured timeline for collecting this fee[.]" *Id.* (citing 28 U.S.C. § 1915(b)(1), (2)).

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint[.]"  28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  Using this financial information, the court "shall assess and when funds exist, collect, . . . an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 766 n.3 (quoting 28 U.S.C. § 1915(b)(1), (2)).  Thus, while prisoners may qualify to proceed IFP without having to pay the statutory filing

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

fee in one lump sum, they nevertheless remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff's IFP motion complies with both 28 U.S.C. § 1915(a)(1) and (2). In support, and on his behalf, the CDCR submitted a certified copy of his Inmate Trust Account Statement Report, as well as a Prison Certificate authorized by a RJD accounting officer. [Doc. No. 6.] *See also* S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff had an available balance of $162.25 at the time of filing, $141.17 in average monthly deposits, and maintained a $199.39 average monthly balance in his account over the 6-month period immediately preceding the filing of the Complaint. [Doc. No. 6 at 2–3.]

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 5] and assesses an initial partial filing fee of $39.87 pursuant to 28 U.S.C. § 1915(b)(1). This initial fee will be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). The CDCR must thereafter collect the full balance of the $350 total fee owed and forward payments to the Clerk of the Court as provided by 28 U.S.C. § 1915(b)(2).

### III.   Motion for Leave to File Amended Complaint

On December 3, 2025, just after he submitted his IFP motion, but before the Court had an opportunity to conduct its initial screening of his complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A, Plaintiff filed a single document captioned both as a "Request for Leave to File an Amended Complaint Pursuant to Rule 15" and as a "First Amended Complaint." [*See* Doc. No. 7 at 1.]

4

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2); *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1006 (9th Cir. 2015).

Here, while leave to amend is not required as Plaintiff's case is still in its preliminary stages, his original Complaint has yet to be screened, and no party has been served, the Court nevertheless **GRANTS** Plaintiff's request to amend. [Doc. No. 7.] *See e.g., Williams v. Dumanis*, No. 3:16-CV-1303-WQH-NLS, 2016 WL 6893600, at *3 (S.D. Cal. Nov. 22, 2016) (granting pro se prisoner's motion for leave to amend to add new parties and claims during initial screening stage "even though the Court's permission to amend was not required" under Rule 15(a)(1)).

However, the Court declines to further construe Plaintiff's motion to also function as his First Amended Complaint because the pleading requires reference to his original Complaint and is not complete in itself. *See* S.D. Cal. CivLR 15.1.a ("Every pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading."); *Ramirez*, 806 F.3d at 1008 ("[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent." (internal quotation marks and citation omitted)).

For example, while Plaintiff clearly wishes to add Drs. Holloway and Diaz, two clinical psychologists, as Defendants, and claims the doctors "failed to advocate for his need for [a] single cell," and failed to "assess and report the impact [of his] medical condition during [a] disciplinary evaluation," [Doc. No. 7 at 1, 3], his pleading does not re-allege the factual basis giving rise to his original claims for relief or specify which of the original causes of action he wishes to pursue against these new parties. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading . . . must contain . . . a short and plain statement of the claim

5

showing the pleader is entitled to relief[.]"); *Gibson v. City of Portland*, 165 F.4th 1265, 1290 (9th Cir. 2026) ("[P]ermitting parties to file pleadings that do not tie factual averments against specific parties to individual causes of action infringes Rule 8.").

Plaintiff's request further includes reference to actions taken by previously named parties on September 23, 2025, which is *after* he filed suit. [*See, e.g.,* Doc. No. 7 at 4.] "A complaint which attempts to supplement and reference prior pleadings is not complete in itself, does not set forth all claims in short and plain terms, and is not concise and direct." *Lambert v. Huertas*, No. 3:19-CV-05980-RJB-JRC, 2021 WL 694802, at *1 (W.D. Wash. Feb. 22, 2021). Although the pleadings of pro se litigants are liberally construed, attempts to "tack on claims and defendants to [an] original complaint in a piecemeal fashion" are improper. *Cook v. King Cnty. Corr. Facility,* No. 2:21-CV-00238-RSM BAT, 2021 WL 3287749, at *2 (W.D. Wash. Aug. 2, 2021). In short, Plaintiff may not amend by simply "filing separate documents intended to be read together as a single document." *Hamilton v. Miller*, No. 25-CV-5511-JLR-SKV, 2026 WL 612754, at *2 (W.D. Wash. Mar. 4, 2026). Instead, Plaintiff's amended complaint must stand on its own, give sufficient notice to each defendant of the grounds upon which his claims rest, and "allege with at least some degree of particularity overt acts which [each] defendant[] engaged in" in order to assert a plausible claim for relief. *See Jones v. Cmty Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Gibson*, 165 F.4th at 1289 ("It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine claims that might fit the facts.").

For these reasons, and in light of Plaintiff's pro se status, the Court **GRANTS** his Request for Leave to Amend [Doc. No. 7], but finds the document he has submitted fails to comply with the requirements. [Doc. No. 7.] Instead, Plaintiff is directed to file his First Amended Complaint no later than **April 30, 2026**. He is strongly advised to use the Court's form Amended Complaint under the Civil Rights Act, 42 U.S.C. § 1983, which will be provided to him together with a copy of this Order. Plaintiff must include Case No. 25-cv-2271-CAB-MMP in the caption, name *all* the Defendants he wishes to hold liable, re-allege

6

the factual basis for each discrete cause of action he seeks to pursue, and describe with particularity *when* and *what* each Defendant is alleged to have personally done to cause him injury in one single, comprehensive, and amended pleading. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) ("Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.").

Once filed, Plaintiff's First Amended Complaint will become the operative pleading in this case, and it will be subject to mandatory initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Hebrard v. Nofziger,* 90 F.4th 1000, 1006–07 (9th Cir. 2024) ("Under the PLRA, a 'court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.'" (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)); *see also Nordstrom v. Ryan*, 762 F.3d 903, 908 n.1 (9th Cir. 2014) (discussing 28 U.S.C. § 1915A(a)'s pre-answer screening requirement for prisoner complaints). Plaintiff's original Complaint will be "treated as non-existent." *Ramirez*, 806 F.3d at 1008; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A]fter amendment the original pleading no longer performs any function[.]").

Should Plaintiff fail to file a First Amended Complaint **by April 30, 2026**, however, his original Complaint, [Doc. No. 1], will serve as the operative pleading in this case and the Court will conduct its mandatory initial screening upon that pleading pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## III.   CONCLUSION

Accordingly, the Court:

(1)   **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 5];

(2)   **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $39.87 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments to the Clerk of the Court each time the amount in their account

exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2);

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, via U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

(4) **GRANTS** Plaintiff's Request for Leave to File an Amended Complaint, [Doc. No. 7], no later than **April 30, 2026**; and

(5) **DIRECTS** the Clerk to provide Plaintiff with a blank copy of the Court's form First Amended Complaint under the Civil Rights Act, 42 U.S.C. § 1983, available at: https://fedcourts.sharepoint.com/sites/CASD-CaseService/New%20PDF%20Forms/Forms/AllItems.aspx?id=%2Fsites%2FCASD%2DCaseService%2FNew%20PDF%20Forms%2F1983%20First%20Amended%20Complaint%2Epdf&parent=%2Fsites%2FCASD%2DCaseService%2FNew%20PDF%20Forms.

It is **SO ORDERED**.

Dated:  March 18, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

8

25-cv-02271-CAB-MMP