**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL D. PERVOE, CDCR #C-59138, Plaintiff, vs. JEFF MACOMBER, Secretary of CDCR, et al., Defendants. | Case No.: 3:25-cv-02271-CAB-MMP<br><br>**ORDER:**<br><br>**(1) SCREENING PLAINTIFF'S FIRST AMENDED COMPLAINT; and**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF THE FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**<br><br>**[Doc. No. 10]** |

On August 29, 2025, Plaintiff Michael D. Pervoe, who is proceeding *pro se* and incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. [Doc. No. 1.] Because Plaintiff failed to initially move for *in forma pauperis* ("IFP") status or pay the civil case filing fee, his Complaint was dismissed without prejudice. [Doc. No. 4.] Subsequently, Plaintiff

moved for leave to proceed IFP and sought leave to file an amended complaint, [Doc. Nos. 5, 7], and the Court granted both motions. [Doc. No. 9.] Plaintiff filed his First Amended Complaint on April 2, 2026. [Doc. No. 10 ("FAC").] The FAC names eight defendants and states four causes of action, all related to Defendants' alleged failures to adequately accommodate Plaintiff's medical conditions stemming from what he reports as ulcerative colitis ("UC") and a *C. diff.* infection.

For the reasons discussed, the Court finds that the FAC's allegations meet the "low threshold" set for *sua sponte* screening in this context and **DIRECTS** the U.S. Marshal to effect service of process of the FAC upon the Defendants.

## I. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)); *see also Hebrard v. Nofziger*, 90 F.4th 1000, 1006–07 (9th Cir. 2024) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2))). "The standard for dismissal for prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'" *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (Section 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

Federal Rule of Civil Procedure 8 describes "what information a plaintiff must provide about the merits of his claim at the outset of litigation." *Berk v. Choy*, 607 U.S. 187, 195 (2026). Thus, Rules 8 and 12(b)(6) together require a complaint to "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "*Iqbal* requires attention to the pleading of both facts and law." *Gibson v. City of Portland*, 165 F.4th 1265, 1287 (9th Cir. 2026). While detailed factual allegations are not needed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B. Plaintiff's Allegations**

Plaintiff's allegations all relate to Defendants' response, or lack thereof, to what he alleges is a chronic medical condition, ulcerative colitis ("UC"). [*See* FAC at 4, 7.] UC is "the most common type" of inflammatory bowel disease, "a group of lifelong diseases that cause inflammation . . . of the intestine." CDC, *Ulcerative Colitis Basics*, June 21, 2024, https://www.cdc.gov/inflammatory-bowel-disease/about/ulcerative-colitis-uc-basics.html (last visited Aug. 17, 2026).[1]

According to Plaintiff, he has suffered UC since before he was transferred to his present institution, RJD. [FAC 7.] His UC then played a role in his contracting *C. diff.*, [FAC at 4, 7], which is short for *Clostridioides difficile*, a bacterium "that causes diarrhea and inflammation of the colon." CDC, *About C. diff.*, May 13, 2026, https://www.cdc.gov/c-diff/about/ (last visited Aug. 17, 2026).

Plaintiff claims these conditions cause constant incontinence and abdominal pain. [FAC at 7.] Plaintiff further asserts that *C. Diff* is highly contagious and easier to spread and recontract (for him) due to his UC. [*Id.* at 5.] He contends that sharing a cell while

[1] Courts can take judicial notice of well-known medical facts. *United States v. Howard*, 381 F.3d 873, 879–80 & n.7 (9th Cir. 2004).

having this highly contagious bacterial infection and severe incontinence causes him "constant embarrassment and mental anguish." [*Id.* at 6.] Hence, he requested that Defendants house him in a one-man cell. [*Id.* at 4.]

Before his transfer to RJD, Plaintiff claims the California Medical Facility in Stockton had awarded him single-cell accommodation. [*Id.* at 1, 7.] But when Plaintiff arrived at RJD, each named Defendant "denied Plaintiff [reasonable] accommodation by refusing to accommodate him with medical[ly] necessary single-cell housing which would prevent Plaintiff from sharing toilets with other inmates which causes him to exac[e]rbate his C. diff medical condition." [*Id.* at 4.]

Plaintiff further claims that when he was denied single-cell accommodation upon transfer, he suffered a mental health crisis that included suicidal ideations. [*Id.* at 7.] Plaintiff also claims Defendants denied Plaintiff "access to mental health services and programs." [*Id.* at 4.] More specifically, Plaintiff claims those Defendants who are physicians, Blaisdell and Clayton, knew of his serious health condition but refused to authorize single-cell accommodation. [*Id.* at 5.] Then, rather than addressing Plaintiff's needs, he alleges Sgt. Perez sent him to the Restrictive Housing Unit ("RHU") "for refusing double-cell housing which is prohibited [and] caused more psychological harm, and [Perez] did it in a discriminatory manner due to Plaintiff's disability." [*Id.* at 5.] Finally, Plaintiff maintains that "[e]ach named Defendant was informed by the Plaintiff of his medical condition and how it caused him mental anguish [to be placed in double-cell housing,] yet" Defendants "refused to accommodate him" even when Defendants "have made such accommodations for other similarly situated individuals." [*Id.* at 6.]

Based on these factual allegations, the FAC lists four causes of action: (1) violation of the Americans with Disabilities Act ("ADA"), [*id.* at 4]; (2) violation of the Rehabilitation Act ("RA"), [*id.* at 5]; (3) violation of the Eighth Amendment's prohibition on cruel and unusual punishments, [*id.* at 6]; and (4) violation of the Fourteenth Amendment's equal protection guarantee, [*id.* at 7]. In addition to $1,500,000 in compensatory and punitive damages, Plaintiff seeks injunctive relief preventing

Defendants from denying him "single-cell" accommodation and an order dismissing prior disciplinary actions for his "refusing to accept housing assignments" with cellmates. [*Id.* at 7.]

**C. Discussion**

Plaintiff's FAC names eight defendants in their individual and official capacities: Jeff Macomber (CDCR Secretary), Danielle Concepcion-Rosengren (RJD Psychology Intern), William Holloway (RJD Clinical Social Worker), Sgt. Perez (RJD Correctional Sergeant), David J. Clayton (RJD Physician), Esguerra (CC1 Counselor), the CDCR, and Matthew Blaisdell (RJD Physician). Liberally construing Plaintiff's FAC, the Court finds it satisfies the "low threshold" set for *sua sponte* screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *Wilhelm*, 680 F.3d at 1123.

1. <u>ADA and RA Claims</u>

Title II of the ADA, 42 U.S.C. § 12102, prohibits disability-based discrimination. *Lowell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II applies to inmates within state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998); *see also Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997).

To state a claim under Title II of the ADA, Plaintiff must plausibly allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Vos v. City of Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007).

To state a claim under § 504 of the RA, a plaintiff must plausibly allege he or she was: (1) an individual with a disability within the meaning of the RA; (2) otherwise qualified to receive the benefit; (3) denied the benefits of the program solely by reason of his or her disability; and (4) the program receives federal financial assistance. *Lovell v.*

*Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Because of the similarities between the laws and remedies available, a complaint that properly states a claim under Title II of the ADA also states a claim under § 504 of the RA. *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

Here, Plaintiff's factual allegations focus on the denial of single-cell accommodations for UC- and *C. diff.*-related symptoms, and he alleges he was denied the accommodation and placed in RHU confinement "in a discriminatory manner due to [his] disability." [FAC at 5.] The FAC therefore includes sufficient factual allegations to survive the "low threshold" of the screening required by 28 U.S.C. § 1915A(b) with respect to a claim under the ADA and the RA against the public entity Defendants CDCR and its Secretary. *See Thompson v. Hill*, No. 24-CV-00357-MMA (DDL), 2025 WL 1507155, at *3–4 (S.D. Cal. May 27, 2025) (concluding that plaintiff had met initial ADA/RA screening threshold for claims against public entity defendants where he alleged: (1) incontinence warranted single-cell placement to avoid conflict with cellmate who had violently confronted plaintiff due to his disability, and (2) he had been denied the accommodation on the basis of his disability); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (Courts must "where the petitioner is pro se, [and] particularly in civil rights cases, . . . construe the pleadings liberally and to afford the petitioner the benefit of any doubt.") (citations omitted)). To the extent Plaintiff seeks to hold any of the *individual* Defendants liable under the ADA, however, he fails to state a claim. *See City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 610 (2015) ("Only public entities are subject to Title II[.]").

2. <u>Eighth Amendment Claim</u>

Prisoners do not have an Eighth Amendment right to be housed in a single cell. *See Rhodes v. Chapman*, 452 U.S. 337, 347–48 (1981) (indicating that double-celling does not violate the Eighth Amendment unless it amounts to the unnecessary and wanton infliction of pain). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (cleaned up). The

Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, Plaintiff must allege that the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03).

Here, Plaintiff states a cognizable claim for deliberate indifference to his health and safety based on Plaintiff's allegations that the named individual RJD defendants, while knowing of Plaintiff's condition, refused to provide "him with medical[ly] necessary single-cell housing which would prevent Plaintiff from sharing toilets with other inmates" causing him to contract *C. diff*. [FAC at 4]; [*see also* FAC at 6] (alleging that cell sharing with Plaintiff's severe incontinence caused him "constant embarrassment and mental anguish"); [FAC at 4, 7] (alleging that when denied single-cell accommodation, Plaintiff experienced a mental health crisis that included suicidal ideations, for which treatment was not provided). For these reasons, the Court finds Plaintiff's FAC is sufficient to survive the "low threshold" of the screening required by 28 U.S.C. § 1915A(b) with respect to a claim for relief under the Eighth Amendment. *See Iqbal,* 556 U.S. at 678; *cf. Thompson*, 2025 WL 1507155 at *6 (plausible deliberate indifference claim pleaded where Defendants knew incontinent plaintiff was at risk of attack from cellmate); *Maney v. Brown*, 516 F. Supp. 3d 1161, 1179 (D. Or. 2021) (collecting cases recognizing prison officials' duty to protect inmates from exposure to communicable diseases under the Eighth Amendment).

3. <u>Fourteenth Amendment Equal Protection Claim</u>

The Fourteenth Amendment provides that no state shall "deny to any person within

its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV. To state an equal protection claim, Plaintiff must plausibly allege that prison officials: (1) intentionally discriminated against him (2) based on his membership in a protected class. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). Because the disabled do not constitute a suspect class for equal protection purposes, a policy that purposely treats the disabled differently from the non-disabled need only be rationally related to legitimate legislative goals. *Lee v. City of Los Angeles*, 250 F.3d 668, 686–67 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). However, the Supreme Court has also recognized equal protection claims may be brought by a "'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted).

Here, Plaintiff alleges that Defendants denied him single-cell placement "in a discriminatory manner due to Plaintiff's disability," [FAC at 5], and did so even though he had been previously granted single-cell accommodations due to his UC and *C-diff* diagnosis at CMF Stockton and despite the fact that Defendants "have made such accommodations for other similarly situated individuals." [*Id.* at 6.] The Court therefore finds Plaintiff's FAC sufficient to survive the "low threshold" of the screening required by 28 U.S.C. § 1915A(b) with respect to an equal protection claim. *See, e.g., Gemza v. Duarte,* No. 25-cv-03461-PHX-SMM (ASB), 2026 WL 1724132, at *7 (D. Ariz. Apr. 24, 2026) (finding prisoner's disciplinary sanctions based on his inability to "fishhook," *i.e.*, manipulate his mouth with his fingers in order to show guards he was not hiding medication, sufficient to plausibly support a class-of-one disability-based equal protection claim for relief), *report and recommendation adopted*, 2026 WL 1703716 (D. Ariz. June 12, 2026); *cf. Denny v. Oconto Police Dept.*, 2013 WL 441525, at *3 (E.D. Wis. 2013)

(class-of-one equal protection claim against police officers surpassed 28 U.S.C. § 1915A screening threshold where the complaint did not reveal on its face any rational basis for defendants' aggressive investigation of the plaintiff); *Shaud v. Sugarloaf Twp. Sup'rs*, No. 3:07-cv-1212, 2008 WL 313849, at *5 (M.D. Pa. Feb. 4, 2008) (service of complaint allowed when screening court's "generous reading of the facts . . . lead[] . . . to the conclusion that [indigent] plaintiff's equal protection claim . . . [was] not baseless or frivolous" where plaintiff alleged "the police's unwillingness to enforce the laws when he complained was animus towards him because of his disability").

**D. Summary**

As liberally construed, the Court finds the ADA and RA reasonable accommodation discrimination claims as alleged against Defendant CDCR and Secretary Macomber in his official capacity, and the FAC's Eighth and Fourteenth Amendment individual capacity claims[2] against Defendants Concepcion-Rosengren, Holloway, Perez, Clayton, Esguerra, and Blaisdell meet the "low threshold" set for *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and are thus "sufficient to warrant . . . an answer." *Wilhelm*, 680 F.3d at 1123. Accordingly, the Court will order the U.S. Marshal to effect service of process upon these Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## II. CONCLUSION

For the reasons discussed, the Court:

1) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Amended Complaint

---

[2] To the extent Plaintiff's FAC seeks damages against these Defendants in their "official capacity" however, [*see* FAC at 2–3], his claims may not proceed as they are barred by the Eleventh Amendment. *See Mitchell v. Washington,* 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity.").

upon Defendants MACOMBER, CONCEPCION-ROSENGREN, HOLLOWAY, PEREZ, CLAYTON, ESGUERRA, CDCR, and BLAISDELL, and forward it to Plaintiff along with eight blank U.S. Marshal Form 285s. In addition, the Clerk will provide Plaintiff with certified copies of this Order, the Court's March 18, 2026 Order granting Plaintiff leave to proceed IFP, [Doc. No. 9], certified copies of his Amended Complaint, [Doc. No. 10], and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, include an address where each named Defendant may be found and/or subject to service, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

2) **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Amended Complaint and summons upon Defendants MACOMBER, CONCEPCION-ROSENGREN, HOLLOWAY, PEREZ, CLAYTON, ESGUERRA, CDCR, and BLAISDELL as directed by Plaintiff on the USM Form 285s provided. Costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3) **ORDERS** Defendants MACOMBER, CONCEPCION-ROSENGREN, HOLLOWAY, PEREZ, CLAYTON, ESGUERRA, CDCR, and BLAISDELL, once served, to reply to Plaintiff's FAC, and any subsequent pleading Plaintiff files in this matter in which each Defendant is named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (While defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening, defendants are required to respond.).

4) **ORDERS** Plaintiff, after service, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file, a certificate

stating the manner in which a true and correct copy of that document has been served on the Defendant or Defendants' counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk of Court or which fails to include a Certificate of Service upon Defendant or Defendants' counsel may be disregarded.

It is **SO ORDERED**.

Dated: September 21, 2026

Hon. Cathy Ann Bencivengo
United States District Judge